UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| CAROL MURPHY, Prisoner No. 85998, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:12-CV-113 |
| | ) | |
| CORIZON, RICH HALLWORTH, KEN TOPEL, DR. STOCKWELL,[1] HOPE LE BLANC, PRAVEEN PARULURU, LARRY RUDZINSKY, JOSEPH PONT, SCOTT BURNHEIMER, and MAINE DEP'T OF CORR., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This is a *pro se* civil rights complaint brought under 42 U.S.C. § 1983 by Carol Murphy, a prisoner in the Maine Correctional Center in Windham, Maine. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and the Clerk is **DIRECTED** to file this action without prepayment of fees. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). The custodian of plaintiff's inmate trust account at the Maine facility wherein she is housed is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of: (1) the average monthly deposits to plaintiff's account or (2) the average

---

[1] In a separate letter received by the Court on the same day as the complaint, plaintiff maintains that she misspelled this defendant's last name as "Sunderland." The caption reflects the correct spelling of defendant's last name as "Stockwell."

monthly balance in the account for the 6-month period immediately preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding month's income (or income credited to her account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $350 filing fee has been paid in full. 28 U.S.C. § 1915(a) and (b)(1) and (b)(2). All payments should be sent to: Clerk of Court, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743. A copy of this order shall be forwarded to the Business Office of the Maine Correctional Center, Windham, Maine, to insure compliance with the fee assessment.

In her complaint, plaintiff claims that she is being subjected to conditions and treatment in the Maine prison which violate her constitutional rights. A civil rights action, not founded solely on diversity of citizenship, may be filed only in the judicial district in which any defendant resides, if all defendants reside in the same state, or in which a substantial part of the acts or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). A federal district court may transfer a civil action to any district where it could have been filed originally. 28 U.S.C. § 1404(a).

The events which occasioned this lawsuit occurred in Maine. All defendants, except a corporate defendant and its chief executive officer, work in the Maine correctional system and presumably reside in Maine. None of the defendants have any connection whatsoever to this jurisdiction—the corporate defendants reside in Brentwood, Tennessee, located in Williamson County, Tennessee, which lies within the Middle District of

Tennessee, *see* 18 U.S.C. § 123(b)(1)—and none of the events in question are alleged to have occurred in this jurisdiction.

The Court, therefore, concludes that venue is improper in this district and that this case more properly belongs in the United States District Court for the District of Maine. 28 U.S.C. § 99. Since the Court is authorized to transfer a case such as this to another District "in the interest of justice," 28 U.S.C. § 1406(a), in view of the foregoing, it is by the Court,

**ORDERED** that this action is transferred to the United States District Court for the District of Maine at Bangor; it is

**FURTHER ORDERED** that the Clerk of this Court shall transmit all relevant papers to the transferee court; and it is

**FURTHER ORDERED** that this matter shall be removed from the docket of this Court.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE